# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Sung Y Kim<br><br>    Plaintiff,<br><br>v.<br><br>Chang Gu Kang,<br>1422 Oxford Drive<br>Laurel, Md 20707<br><br>Soon Ok Kang<br>1422 Oxford Drive<br>Laurel, Md 20707<br><br>America's Best Wings & Seafood<br>13919 Baltimore Ave.<br>Laurel, Maryland<br><br>    Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br><br><br>**Jury Trial Demanded** |

Plaintiff Sung Y. Kim ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and Maryland statutory and common law. Plaintiff seeks equitable and monetary relief from Defendant's willful violations of Plaintiff's AMERICA'S BEST WINGS trademark (the "Mark").

## PARTIES

2. Plaintiff is a resident of Maryland and resides at 1523 Fair Oaks Drive, Hanover, MD 21076.

3.     On information and belief Defendant Mr. Chang Kang is an individual and resides at 1422 Oxford Drive, Laurel, MD 20707.

4.     On information and belief Defendant Ms. Soon Kang is an individual and resides at at 1422 Oxford Drive, Laurel, MD 20707.

5.     On information and belief, the Defendants Mr. Chang Kang and Ms. Soon Kang own and operate, or plan to operate Defendant "America's Best Wings & Seafood," a commercial enterprise located at 13919 Baltimore Avenue, Laurel, Maryland for which the legal status of the organization is unknown.

## JURISDICTION AND VENUE

6.  This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court has ancillary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

7.  This Court has general personal jurisdiction over Defendants based on their continuous and systematic contacts with Maryland, including its operation of a retail restaurant in Laurel, Maryland.  This Court has specific personal jurisdiction over Defendants because Defendants have purposefully availed itself of the privilege of conducting business in Maryland.

8.  Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims have occurred and are continuing to occur in this District and because Defendants' principal place of business is in this District.

## PLAINTIFF'S TRADEMARK AND DEFENDANT'S INFRINGEMENT

9.  On February 16, 2010 Plaintiff was granted United States Patent and Trademark Office, Trademark Registration Number 3748797 for the Trademark "America's Best Wings" for restaurant services ("the Federal Registration").  A true and correct copy of the Registration is attached hereto as Exhibit 1.

10. The Federal Registration was renewed on March 6, 2015 and Trademark Office has accepted Mr. Kim's submission pursuant to Section 15 of the Lanham Action, 15 USC § 1065 affording the Mark incontestable status.

11. Plaintiff was also granted a Maryland State Registration for the mark America's Best Wings.  A true and correct copy of the State Registration is attached hereto as Exhibit 2.

12. Plaintiff started use of the Mark in 2009.  Since the registration of the Mark, Plaintiff has used the Mark in connection with owning and operating restaurants and has licensed the Mark to others in Georgia, Maryland, and the District of Columbia.  Plaintiff operates a website at www.americasbestwing.com which depicts a number of restaurant locations operating under the Mark and includes a sample menu that is used to advertise and promote the Mark.

13. By virtue of its longstanding and substantially exclusive use and licensing activities, Plaintiff has common law trademark rights in the "America's Best Wings" Mark.

14. On information and belief, Defendants recently opened or are making imminent plans to open a restaurant under the America's Best Wings name at 13919 Baltimore Ave., Laurel, MD.

15. The external signage displayed at the 13919 Baltimore Ave. Laurel, MD address restaurant uses a distinctive color scheme and fonts, including red lettering for the terms "America's Best", yellow lettering for the term "Wings" and a red and yellow image of the wing that is identical to the mark illustrated in the Plaintiff's federal registration.

16. Plaintiff discovered that Defendants were planning to open the restaurant that infringes Plaintiff's Mark by observing the infringing signage displayed at the 13919 Baltimore Ave. location.

17. Plaintiff has notified Defendants that Defendants' actions constitute an infringement of its Mark and demanded that Defendants cease and desist from continuing to infringe upon Plaintiff's Mark; however Defendants have ignored Plaintiff's the demands and have continued to display the signage and, on information and belief, take steps in furtherance of opening the restaurant.

18. Defendants actions have interfered with Plaintiff's ability to license the mark in the region which has damaged Plaintiff by losing opportunities to license the mark to others.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1)**

19. Plaintiff repeats and realleges each and every allegation set forth above.

20. Defendants' wrongful use of the America's Best Wings Mark constitutes infringement of Plaintiff's registered Mark and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Plaintiff's good, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.  Without Plaintiff's consent, Defendants used and continues to use in commerce reproductions, copies, and colorable imitations of Plaintiff's registered Mark in connection the offering and advertising of services, which will result in a  likely  result in confusion, mistake, and deceit in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

21. Plaintiff repeats and realleges each and every allegation set forth above.

22. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, its services, and/or its commercial activities by or with Plaintiff, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## THIRD CLAIM FOR RELIEF
### Trademark Infringement Under Md. Code Bus. Reg. § 1-414 *et seq.*

23. Plaintiff repeats and realleges each and every allegation set forth above.

24. Defendants' use, without the consent of Plaintiff, of the reproduction and/or colorable imitation of Plaintiff's registered Mark in connection with the sale, offering for sale, and/or advertising of goods or services, is likely to cause confusion, or to deceive as to the origin of the goods or services, and thus constitutes trademark infringement in violation of MD. Code Bus. Reg. § 1-414 *et. seq.*

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement and Unfair Competition Under Maryland Common Law

25. Plaintiff repeats and realleges each and every allegation set forth above.

26. Defendants' actions, as described herein, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants, its products, its services, and its commercial activities by or with Plaintiff such that Defendants' acts constitute

infringement of Plaintiff's rights, misappropriation of goodwill in the Mark, and unfair competition under Maryland common law.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays judgment against Defendants, as follows:

A. That Defendants be preliminarily and permanently enjoined from using Plaintiff's Mark or any colorable imitation thereof and using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's Mark or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's product or the connectedness to Defendants.

B. That Defendants be ordered to deliver over for destruction all labels, signs, print, packages, menus, advertising, promotional material, or the like in the possession custody or control of Defendants which infringe on Plaintiff's trademark as alleged herein.

C. For an Order requiring Defendants to account for and pay to Plaintiff all profits arising from the foregoing acts, in accordance with 15 U.S.C. § 1117 and any and all other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*

D. For an Order requiring Defendants to pay Plaintiff damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages, in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*

E.  For an Order requiring Defendants to pay Plaintiff compensatory and punitive damages for trademark infringement and unfair competition under Maryland common law.

F.  For other relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to Rule 38, of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues properly triable by a jury in this action.

By _____

Andrew C. Aiken, 06413
Aitken Law Offices
P.O. Box 1810
Wheaton, MD 20915
(301) 537-3299
*Attorney for Plaintiff Sung Kim*